IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHERYL PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>Defendant. ) | <br><br><br><br>CIVIL ACTION NO. 3:02cv866-MHT-<br>VPM<br>[WO]<br> |

**ORDER ON MOTION**

Pending before the court is the plaintiff's ["Phillips"] motion for a attorney fee "approval" apparently pursuant to 42 U.S.C. § 406(b) (2000).[1] The plaintiff's counsel, Charles E. Floyd, Jr., Esq. ["Floyd"], has already been paid $6,241.58 for his representation of Phillips before the Social Security Administration (Doc. # 25-1, p. 2).[2] Floyd now seeks an award of $655.17, which would result in a total award of 25 percent of Phillips's past due benefits, as he and Phillips had agreed upon pursuant to a contingency fee agreement (Doc.

---

[1] Rule 54(d)(2)(B) requires a motion for attorney fees to "specify the judgment and the statute, rule or other grounds entitling the moving party to the award." Fed. R. Civ. P. 54(d)(2)(B); see **Bergen v. Comm'r of Soc. Sec.**, 454 F.3d 1273, 1277 (11th Cir. 2006) (concluding that Rule 54(d)(2)(B) applies to petitions for fees under 42 U.S.C. § 406(b)). Plaintiff's failure to specify the statute constitutes a failure to comply with Rule 54; nevertheless, the court construes the Commissioner's silence as a waiver of the issue. *Id.* (declining to determine whether the plaintiff's motion complied with Rule 54(d)(2)(B)'s time requirement "[b]ecause the Commissioner has not objected to the timeliness of the attorney's fee petitions")

[2] Pursuant to section 406(b), funds withheld from the claimant's past due benefits for the purpose of paying attorney fees awarded by the district court are paid directly from Social Security Administration to the claimant's counsel. Therefore, for the sake of simplicity, the court considers her attorney to be the movant.

# 25-7).

The Commissioner failed to respond to this court's order to show cause why the motion should not be granted (Doc. # 26). Nevertheless, the court concludes that it cannot grant the motion, and it need not, therefore, determine whether the award sought is reasonable as the relevant statute and Supreme Court precedent requires. 42 U.S.C. § 406(b) (requiring any fee allowed by the court to be "reasonable"); ***Gisbrecht v. Barnhart***, 535 U.S. 789, 807 (2002) (stating that section "406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases").

## I. BACKGROUND AND PROCEDURAL HISTORY

On 26 July 2002, Phillips filed a complaint seeking this court's review of a final decision of the Commissioner (Doc. # 1). Approximately one year later, the court entered a judgment reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) (2000) (Doc. # 24). On 23 June 2004, the Commissioner found for Phillips and awarded her disability benefits, including those that were past due (Docs. ## 25-1, p. 1; 25-2). Approximately eighteen months later, the plaintiff filed the pending motion (Doc. # 25).[3]

---

[3]The court notes the likelihood that the plaintiff's motion is untimely. *Infra note 1* (citing ***Bergen***, 454 F.3d at 1277. Nevertheless, the court again construes the Commissioner's silence on the issue as a waiver. *See id.*; see *also*, *e.g.*, ***Green v. Adm'rs of Tulane Educ. Fund***, 284 F.3d 642, 664 (5th Cir. 2002) ("[T]he time limit set forth in Rule 54 is not jurisdictional . . .."); ***Srivastava v. Trustees of Ind. Univ.***, No. 99-3272, 2000 WL 975172 (7th Cir. July 11, 2000) ("[A] failure to file

## II.   DISCUSSION

In a different Social Security case, Floyd filed a motion similar to the instant one, and the court concluded that he was not entitled to an award of benefits. *See* **Barber v. Barnhart**, Civil Action No. 3:98cv1002-VPM (Doc. # 22).  The court held in that case that the plaintiff's failure to demonstrate that the Commissioner had withheld the funds sought rendered his motion nothing more than a quest for an endorsement of his agreement with his client when the validity of the agreement was not then in dispute.  *Id.*

There is little to distinguish the instant case from **Barber**.  As evidence, apparently, that the Commissioner is currently withholding the funds to pay him in the event his motion is granted, Floyd relies on a "Notice of Award" informing Phillips shortly after the decision in her favor that the Commissioner would be withholding "25 percent of past-due benefits in order to pay the approved lawyer's fee" (Doc. # 25-6, p. 3).  The amount, the notice states, totaled $6,896.75. *Id.*

The following language in the notice makes clear, however, that the amount withheld was intended to compensate Floyd only for representation at the agency level:  "When *we* decide the amount of the fee, *we* will let you and the lawyer know how much of this money will be used to pay the fee.  *We will send any remainder to you.*"  *Id.* (emphasis added).  Consequently, assuming the accuracy of Floyd's unsworn statement that the Commissioner

---

a motion for attorney's fees under 54(d)(2) within the time prescribed is not a jurisdictional defect.").

has paid Floyd $6,241.58, the court can only conclude that the remainder, the $655.17 Floyd now asks this court to "approve," has already been returned to Phillips.

Thus, the Commissioner no longer possesses any of Phillips's past due funds from which she could pay Floyd, and the court, as it clearly forewarned in ***Barber***, declines to offer an opinion regarding the reasonableness of a contract that is not the subject of a pending dispute.

### III.   CONCLUSION

Therefore, it is hereby

ORDERED that the motion (Doc. # 25) is DENIED.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE